**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| VICTOR SANTIAGO, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MIKE KEMNA, ) <br> ) <br> Respondent. ) | No. 4:02-CV-1876 CEJ <br> (TIA) |

## REPORT AND RECOMMENDATION

This matter is before the Court on the petition of Victor Santiago for a writ of habeas corpus under 28 U.S.C. § 2254. The case was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

## Procedural History

Petitioner is currently incarcerated at the Crossroads Correctional Center in Cameron, Missouri, pursuant to the sentence and judgment of the Circuit Court of Washington County, Missouri. On November 22, 1996, a jury found petitioner to be a prior and persistent offender and guilty of the following: Count I, Assault in the First Degree; Count II, Burglary in the First Degree; and Count III, Armed Criminal Action. The court sentenced petitioner to consecutive terms of life imprisonment on counts I and III, and a concurrent term of fifteen years imprisonment on count II.

Petitioner appealed his conviction, and on April 21, 1998, the Missouri Court of Appeals affirmed. (Resp. Exh. E) Petitioner also filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15. (Resp. Exh. G) The motion court denied this

motion, and, on December 18, 2001, the Missouri Court of Appeals affirmed. (Resp. Exh. I) On December 18, 2002, petitioner filed the instant petition for habeas relief in federal court.

## Exhaustion Analysis

Before the undersigned may consider the merits of the petition for a writ of habeas corpus, the petitioner must demonstrate that he has exhausted his state court remedies. 28 U.S.C. § 2254(b). Here, respondent concedes that petitioner has exhausted all of his state court remedies by either fairly presenting his claims to the Missouri state courts, or because he has failed to properly raise his claims in the Missouri state courts.

## Petitioner's Claims

In his § 2254 petition for habeas relief, petitioner raises the following seven grounds[1] for habeas relief:

(1) trial counsel was ineffective for failing to challenge an illegally issued arrest warrant, defective complaint, and the affidavit sworn out to support the above, all in order to conceal an unlawful arrest;

(2) trial counsel was ineffective because counsel had a conflict of interest, and thus improperly transcribed the audio-taped deposition of Jim Nichols and instead altered statements, inserted false statements, and omitted statements;

(3) appellate counsel was ineffective for failing to raise on appeal abuse of discretion on the part of the trial court for admitting evidence of an uncharged crime;

(4) petitioner was denied due process of law when the prosecutor used petitioner's post-arrest silence for impeachment and proof of guilt;

---

[1] While petitioner only lists six grounds for relief, review of the petition indicates that he raises two separate claims in ground four. Therefore, the undersigned will address these as separate grounds.

2

(5) the trial court erred in ruling petitioner opened the door to allow questioning concerning his post-arrest silence and in refusing to grant a mistrial, in violation of petitioner's rights to due to process;

(6) petitioner was denied his rights to a fair trial and due process when the prosecutor failed to correct false evidence that was used to impeach petitioner during cross-examination; and

(7) petitioner was denied his rights to due process and a fair trial when the prosecutor used false evidence to impeach petitioner by misrepresenting a prior misdemeanor conviction for unlawful use of a weapon as a felony conviction.

In response to the petition, respondent contends that petitioner's claims should be dismissed because petitioner procedurally defaulted his claims in state court and has failed to show cause and prejudice or actual innocence to excuse such default.

## Discussion

### Claims One, Two, and Three

At the outset, review of the record indicates that petitioner failed to raise any of his federal habeas claims before the Missouri Court of Appeals. (Resp. Exh. C, G) With regard to petitioner's ineffective assistance of trial and appellate counsel claims, he failed to raise these claims on appeal from the denial of his Rule 29.15 motion.

"Claims that have not been presented for state court review are procedurally defaulted." Malone v. Vasquez, 138 F.3d 711, 716 (8th Cir. 1998). A federal court lacks the authority to reach the merits of procedurally defaulted claims where the petitioner failed to raise those claims pursuant to applicable state procedural rules. Sawyer v. Whitley, 505 U.S. 333, 338 (1992)(citation omitted). "Missouri procedure requires that a claim be presented 'at each step of the judicial process' in order to avoid

3

default." Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994)(quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980)).

Here, petitioner raised claims one two and three in his Rule 29.15 motion. (Resp. Exh. F, pp. 7-9; 28-29) The motion court determined that petitioner did not prove his allegations as to "conspiracies, unlawful arrest, evidence tampering, perjury or doctoring of depositions." (Resp. Exh. F, p. 50) Further, the court determined that petitioner failed to specify facts in support of his claim that appellate counsel failed to raise the issue of uncharged bad acts. (Resp. Exh. F, pp. 52-53) However, petitioner failed to raise any of these claims on appeal. (Resp. Exh. G) Failure to raise these claims on appeal constitutes a procedural default, and this court is precluded from addressing the merits of petitioner's claims. See Clark v. Caspari, 274 F.3d 507, 509-510 (8th Cir. 2001) (failure to raise the issues on direct appeal constitutes procedural default); Murray v. Groose, 106 F.3d 812, 814 (8th Cir. 1997) (same).

This court may only entertain petitioner's ineffective assistance of counsel claims if petitioner can show cause and prejudice for the default or demonstrate a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-315 (1995). "Establishing cause requires a showing of some external impediment that frustrates a prisoner's ability to comply with the state procedural rules." Malone, 138 F.3d at 719. A petitioner can show cause if officials make compliance impractical or a factual or legal basis for a claim exists that was not reasonably available to counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986)(citation omitted).

Petitioner can also prevail on procedurally defaulted claims if he can show actual innocence. However, the miscarriage of justice exception applies only in extraordinary

4

cases, particularly if a constitutional violation resulted in the conviction of an innocent person. Murray, 477 U.S. at 496; Schlup, 513 U.S. at 327. Thus, petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. This standard requires petitioner to persuade the court that in light of new evidence no juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 329; Perry v. Norris, 107 F.3d 665, 666 (8th Cir. 1997). In Schlup, the Supreme Court noted that claims of actual innocence are rarely successful because evidence of this sort is usually unavailable. Id.

Petitioner fails to overcome the procedural bar because he makes no showing of cause for his default. Because petitioner has failed to demonstrate cause, prejudice does not need to be discussed. Petitioner has also failed to bring forth "new reliable evidence not presented at trial." Schlup, 513 U.S. at 324. Petitioner has merely listed evidence adduced at trial in support of his claims. Therefore, petitioner is unable to overcome the procedural bar, and claims one, two, and three should be denied.

### Claims Four, Five, Six, Seven

Petitioner also raises several grounds regarding trial court error and prosecutorial misconduct. Petitioner's fourth claim asserts that the prosecutor used petitioner's post-arrest silence for impeachment and proof of guilt. His fifth claim asserts that the trial court erred in ruling petitioner opened the door to allow questioning concerning his post-arrest silence, and in refusing to grant a mistrial. In claim six, petitioner maintains that the prosecutor failed to correct false evidence that was used for impeachment during

cross-examination. In claim seven, petitioner maintains the prosecutor used false evidence to impeach petitioner by misrepresenting a prior misdemeanor conviction for unlawful use of a weapon as a felony conviction. The respondent replies that petitioner procedurally defaulted these claims by failing to raise them on direct appeal before the Missouri Court of Appeals. The undersigned agrees that these claims are procedurally barred and should be dismissed accordingly.

The record demonstrates that petitioner raised only two claims on direct appeal. He alleged that the trial court erred in finding petitioner to be a prior and persistent offender and that the trial court erred in permitting the state to introduce evidence of prior convictions and uncharged crimes. (Resp. Exh. C, pp. 11-12) He did not raise the claims contained in his federal petition before the Missouri Court of Appeals. Prosecutorial misconduct claims must be raised on direct appeal. State v. Taylor, 831 S.W.2d 266, 272 (Mo. App. 1992). In addition, direct appeal is the avenue for presenting claims of trial court error. Mo. S. Ct. R. 30.01.

As previously stated, a federal court lacks the authority to reach the merits of procedurally defaulted claims where the petitioner failed to raise those claims pursuant to applicable state procedural rules. Sawyer v. Whitley, 505 U.S. 333, 338 (1992) (citation omitted). This Court may not address petitioner's procedurally defaulted claim unless petitioner can show cause and prejudice for the default or demonstrate a fundamental miscarriage of justice. Schlup, 513 U.S. at 314-315.

Petitioner claims he established cause through his claims of ineffective assistance of appellate counsel that he presented to the state court in his Rule 29.15 motion. (Pet. Att. at 32) In order for ineffective assistance of counsel to constitute

cause, counsel must have been constitutionally ineffective under <u>Strickland v. Washington</u>.[2] <u>Clemons v. Luebbers</u>, 381 F.3d 744, 752 (8th Cir. 2004). Further, "petitioner must have independently presented this ineffective assistance claim to the state court for adjudication." <u>Id.</u>

The record indicates that petitioner failed to advance any ineffective assistance of appellate counsel claims on appeal from the denial of his Rule 29.15 motion. (Resp. Exh. G) Indeed, petitioner raised only one count of trial counsel error. (<u>Id.</u>) Because he did not present his ineffective assistance of appellate counsel claims to the state court for adjudication, the alleged ineffectiveness cannot constitute cause for petitioner's failure to raise the trial court error and prosecutorial misconduct claims on appeal. Thus, petitioner is unable to show cause and prejudice sufficient to overcome the procedural bar.

Finally, the petitioner could prevail on his procedurally defaulted claims if he could show actual innocence. As previously stated, in order to demonstrate actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." <u>Schlup,</u> 513 U.S. at 324.

Here, petitioner appears to claim that he is innocent of his crimes. However, petitioner has failed to present any new, reliable evidence that was not available at trial.

---

[2] In order to constitute ineffective assistance of counsel under the Sixth Amendment, counsel's performance must fall below an objective standard of reasonableness and cause prejudice to the petitioner. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-688 (1984).

As such, he is unable to overcome the procedural bar, and this court is precluded from addressing the merits of petitioner's claims.[3] Therefore, the undersigned finds that petitioner's claims four, five, six, and seven should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of Victor Santiago for a writ of habeas corpus be **DISMISSED** without further proceedings.

**IT IS HEREBY ORDERED** that petitioner's Motion to Rebut the Presumption of Correctness Afforded the State Courts' Factual Findings [Doc. #21] and Motion for the Application of Pre-AEDPA Standard of Review [Doc. #22] are **DENIED** as **MOOT**.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

                                                  /s/ Terry I. Adelman
                                      UNITED STATES MAGISTRATE JUDGE

Dated this  23rd  day of February, 2005

---

[3] Petitioner has also filed a motion to overcome the presumption of correctness and a motion for the application of the pre-AEDPA standard of review. In both motions, petitioner requests that this court apply a less deferential standard when reviewing the state court findings of fact. However, because petitioner failed to present his claims to the Missouri Court of Appeals, the claims are procedurally barred. Murray v. Groose, 106 F.3d 812, 814 (8th Cir. 1997). As such, the undersigned may not address the state court findings, and petitioner's motions are moot.