UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

VICTOR SANTIAGO,               )
                               )
          Plaintiff,           )
                               )
     vs.                       )     No. 4:02-CV-1876 (CEJ)
                               )
MIKE KEMNA,                    )
                               )
          Defendant.           )

## MEMORANDUM AND ORDER

This habeas corpus petition is before the Court upon petitioner's objections to the Report and Recommendation of United States Magistrate Judge Terry I. Adelman, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). Judge Adelman recommended that the petition for writ of habeas corpus be dismissed without further proceedings.

On November 22, 1996, petitioner Victor Santiago was convicted by a jury of one count of assault first degree, one count of burglary first degree, and one count of armed criminal action. The Circuit Court of Washington County, Missouri sentenced petitioner to consecutive terms of life imprisonment on the assault and armed criminal action counts, and a concurrent term of fifteen years imprisonment on the burglary count. Pursuant to this sentence and judgment, petitioner is currently incarcerated at the Crossroads Correctional Center in Cameron, Missouri.

Petitioner appealed his conviction, and on April 21, 1998, the Missouri Court of Appeals affirmed. State v. Santiago, 964 S.W.2d 889 (Mo. App. 1998). On May 3, 2001, petitioner's counsel filed a

motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. (Resp. Exh. G). On June 26, 2001, petitioner filed a motion for leave to file a *pro se* brief and a motion to file a supplemental record on appeal. The state court denied these motions on June 28, 2001. (Pet. Exh. 15). On July 19, 2001, petitioner filed a motion to dismiss appointed counsel and to proceed *pro se*. He also filed a motion for leave to file a *pro se* brief and a *pro se* motion to supplement the record on appeal. All three of these motions were denied on July 25, 2001. On December 18, 2001, the Missouri Court of Appeals affirmed the motion court's denial of the Rule 20.16 motion that petitioner's counsel had filed. Santiago v. State, 68 S.W.3d 534 (Mo. App. 2001). On December 18, 2002, petitioner filed the instant petition for habeas corpus relief. Judge Adelman filed his Report and Recommendation February 23, 2005, and petitioner timely filed objections on March 4, 2005.

The following grounds for relief are presented in petitioner's habeas corpus petition:

(1) trial counsel was ineffective for refusing to challenge an illegally issued arrest warrant, defective complaint, and the affidavit sworn to support the above, in order to conceal an unlawful arrest;

(2) trial counsel was ineffective because counsel had a conflict of interest, and thus improperly transcribed the audio-taped deposition of Jim Nichols and instead altered statements, inserted false statements, and omitted statements;

(3) appellate counsel was ineffective for failing to raise on appeal abuse of discretion on the part of the trial court for admitting evidence of an uncharged crime;

(4) petitioner was denied due process of law when the prosecutor used his post-arrest silence for impeachment and proof of guilt, and the trial court erred in ruling that petitioner opened the door to this questioning and in refusing to grant a mistrial;

(5) petitioner was denied his rights to a fair trial and due process when the prosecutor failed to correct false evidence that was used to impeach petitioner during cross-examination; and

(6) petitioner was denied his right to due process and a fair trial when the prosecutor used false evidence to impeach petitioner by misrepresenting a prior misdemeanor conviction for unlawful use of a weapon as a felony conviction.

In his objections to the Report and Recommendation, petitioner argues generally that Grounds 1, 2 and 3 are not procedurally defaulted because he presented them in the *pro se* motions to supplement his brief that the state appellate court denied. Petitioner concedes that grounds 4, 5 and 6 are procedurally defaulted. However, he asserts that there is cause for the defaults and that he has been prejudiced by the constitutional violations he alleges. Pursuant to 28 U.S.C. § 636(b)(1), the Court is required to make a *de novo* determination of the portions of the Report and Recommendation to which objections are made.

I. **Background**

In its *per curiam* opinion, the Missouri Court of Appeals for the Eastern District determined the following facts:

> In December of 1994, fourteen-year-old Stephanie Brooke Fitzwater and her sixteen-year-old sister, Sarah, lived with their mother in rural Washington County. Their mother worked nights as an aide to disabled people. Stephanie and Sarah met [petitioner] socially through friends in the fall of 1994. One evening in November of 1994, [petitioner] and a mutual friend, Justin Ayres, came to Stephanie's house to watch movies. When it got late, Stephanie and Sarah went to bed but

told Ayres and [petitioner] they could stay and watch the rest of the movie. Stephanie testified that she was later awakened by [petitioner], who was kissing and fondling her. She pushed him away, and he left the house. After that incident, [petitioner] never had permission to be in the house.

On December 6, 1994, Stephanie came home early from school because she was ill. She fell asleep on the couch after Sarah went to bed. At approximately 2:30 a.m. on December 7, 1994, Stephanie awoke to the feeling of something brushing her leg. She turned on the television with the remote so light illuminated the room. She saw [petitioner] standing at the foot of the couch. At that time, [petitioner] jumped on top of her and immobilized her by shoving two fingers up her nose and pushing down. [Petitioner] then stabbed Stephanie nine times and slit her breast. [Petitioner] then ran from the room.

Sarah was awakened by Stephanie's screaming. She ran out of her room and met Stephanie in the archway. Stephanie screamed, "Victor Santiago stabbed me!" while trying to stop her bleeding with clothing and towels. Sarah retrieved a shotgun and some shells and ran out the front door. She saw [petitioner] running across the front yard. She tried to shoot at [petitioner], but the gun was not loaded. Sarah saw [petitioner] get into his car parked across from the house and drive away.

Stephanie was transported to the hospital where she suffered from multiple stab wounds, a punctured lung, and a broken rib. She survived the attack. The police arrested [petitioner] that same day. The police later retrieved a knife and bloody jacket from a creek bed near Stephanie's house.

After the trial, the jury convicted [petitioner] of first degree assault, first degree burglary, and armed criminal action. The trial court found [petitioner] to be a prior and persistent offender and sentenced him to life imprisonment for first degree assault and a concurrent term of fifteen years for first degree burglary. The court further sentenced [petitioner] to a consecutive term of life imprisonment for armed criminal action.

(Resp. Exh. E, at 2-3).

**II. <u>Discussion</u>**

 **A. <u>Standard for Procedurally-Barred Claims</u>**

A federal court may be barred from deciding claims that were not properly raised in the state court. <u>Wainwright v. Sykes</u>, 433 U.S. 72, 90 (1977). To preserve a constitutional claim for review

in a federal habeas proceeding, the petitioner must present his claims to the state court in accordance with state procedural rules. Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988). A claim is deemed to have been adequately presented to a state court if the same facts and legal theories in support of the claim are advanced in both the state and federal court. Picard v. Connor, 404 U.S. 270, 278 (1971); Gilmore, 861 F.2d at 1065 n.8. A petitioner must fairly present the substance of his federal constitutional claims to the state court so as to afford the state court a full and fair opportunity to apply controlling legal principles to the facts bearing on his constitutional claims before his claims are addressed in a federal habeas proceeding. Anderson v. Harless, 459 U.S. 4, 6 (1982). Failure to object or adequately present a constitutional challenge constitutes a procedural default, barring federal habeas review unless the petitioner can show cause for the default and actual prejudice resulting from the alleged constitutional violation. Wainwright, 433 U.S. at 87, 90.

The existence of cause for a procedural default must "ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." Id. at 488. "Cause" for a procedural default may be established by showing that the factual or legal basis for a claim was not reasonably available to counsel or by showing that interference by officials rendered compliance with the state's procedural rule impracticable. Id. To establish the existence of actual prejudice, the petitioner "bears

-5-

the burden of showing, not merely that the errors at his trial created a <u>possibility</u> of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982) (emphasis in original).

If a petitioner fails to show cause and prejudice, then he must demonstrate a fundamental miscarriage of justice, *i.e.*, that a "constitutional error 'probably' resulted in the conviction of one who was actually innocent." <u>Schlup v. Delo</u>, 513 U.S. 298, 322, 326-27 (1995) (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986)). Petitioner must establish that "it is more likely than not that no reasonable juror would have convicted him." <u>Id</u>. at 327.

**B. Grounds 1, 2 and 3**

In Grounds 1, 2 and 3, petitioner asserts: (1) ineffective assistance of trial counsel for failure to challenge an illegal arrest warrant, (2) ineffective assistance of trial counsel due to a conflict of interest, and (3) ineffective assistance of appellate counsel for failing to raise on appeal the admission of evidence of an uncharged crime at trial. Judge Adelman found that these grounds were procedurally defaulted due to petitioner's failure to present them in any state court proceedings. He further found that petitioner failed to demonstrate cause and prejudice to overcome the default and failed to adduce new evidence not presented at trial.

In his objections, petitioner argues that he repeatedly asked counsel to raise these grounds on his behalf. Although he was

represented by counsel and his counsel did not raise these issues, petitioner filed two *pro se* motions for leave to file a supplemental record. Petitioner argues that he first raised grounds 1, 2 and 3 in these *pro se* state court filings. Therefore, he argues he has not procedurally defaulted on these grounds. The Eighth Circuit has held that a habeas petitioner's *pro se* motion for leave to supplement the record was sufficient to show that he fairly presented his claims in state court. Clemmons v. Delo, 124 F.3d 944, 948-49 (8th Cir. 1997). Consequently, this Court will review petitioner's claims on the merits.

**1. Ground 1**

Petitioner argues that his trial attorney, Renee Murphy, did not provide him effective assistance. He argues that she "refused to challenge an illegally issued arrest warrant, defective complaint and the affidavit sworn out to support the same, in order to conceal an unlawful arrest." He also argues that her actions were due to a conflict of interest. In order to establish ineffective assistance of counsel under Strickland, two requirements are necessary to prove ineffective assistance of counsel. First, petitioner must show that "his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment." Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995). He must also show that "his counsel's deficient performance prejudiced his defense." Id. (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "'Prejudice' requires a reasonable probability that the proceeding would have ended in a

different result without counsel's errors." Id. (citations omitted). The performance prong of the test also requires petitioner to show that his "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.

Petitioner argues that the arrest warrant obtained for his arrest was illegal. He contends that the affidavit of deputy Jim Nichols, upon which the complaint for the warrant was based, lacked probable cause. He also contends that facts were withheld from the complaint. He further argues that the arrest warrant was illegal because it was signed by Jeanneth Coleman, who is neither a magistrate nor a judge. Because trial counsel Murphy failed to raise the issue of illegality of the arrest warrant, petitioner argues that her assistance was ineffective.

The Fourth Amendment requirement of "probable cause, supported by Oath or affirmation, . . . describing the person or things to be seized" applies to arrest warrants. Giordenello v. United States, 357 U.S. 480, 485-86 (1958). It is the job of a "neutral and detached magistrate" and not an officer engaged in "ferreting out crime" to make "inferences from the facts which lead to the complaint." Id. at 486. Further, "[t]he purpose of the complaint . . . is to enable the appropriate magistrate . . . to determine whether the 'probable cause' required to support a warrant exists." Id. Thus, "an arrest warrant may not issue unless there has been a finding of probable cause by a 'neutral and detached magistrate.'" In re Harris, 593 S.W.2d 517, 517 (Mo. banc 1979)

(per curiam). Additionally, Missouri Supreme Court Rule 22.05(b)(6) (formerly Rule 22.04) provides that an arrest warrant must be signed "a judge or by a clerk of a court when directed by the judge for a specific warrant." The arrest warrant (Pet. Exh. 57) was signed by Jeanneth Coleman, a clerk of the state circuit court. Petitioner argues that Ms. Coleman's signature was improper because she was not a magistrate or a judge. He does not argue, or provide evidence, that Ms. Coleman lacked the direction of a magistrate or judge. Therefore, the arrest warrant is valid.

Even if the Court were to find that the arrest warrant was invalid, petitioner's claim in Ground 1 would still fail. The legality of the arrest warrant does not automatically determine the legality of the arrest. The constitutional validity of an arrest "depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964). In his brief, petitioner acknowledges that the victim told Deputy Nichols that petitioner had stabbed her. This statement was sufficient to give Deputy Nichols probable cause to arrest petitioner. "[V]alidity of the arrest is determined by the existence of probable cause for the arrest in the demanding authority, and invalidity of an existing arrest warrant does not render an arrest invalid when the arresting and demanding

authorities otherwise have probable cause for the arrest." State v. Greenhaw, 533 S.W.2d 318, 325 (Mo. App. 1977) (quoting State v. Kerr, 531 S.W.2d 536 (Mo. App. 1975)). Given the facts and circumstances in existence, there was probable cause to arrest petitioner without an arrest warrant. The Court will deny relief on Ground 1 of the habeas petition.

### 2. Ground 2

In his second ground, petitioner argues that his trial counsel, due to a conflict of interest, improperly transcribed the deposition of Deputy Nichols. He alleges that Ms. Murphy "dotored [sic], edited and supplemented testimony with manufactured and or false statements." Petitioner argues that Ms. Murphy failed to challenge evidence of tampering, perjury, and conspiracy to conceal evidence by Deputy Nichols and Deputy Wisdom. The post-conviction motion court found that no significant discrepancies existed between the deposition tapes and transcripts. It added that there was no basis upon which to find that any errors in transcribing the tapes affected the outcome of the trial. The factual findings of the motion court are entitled to a presumption of correctness that petitioner must overcome by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

The factual conclusions of the motion court are supported by the record. Petitioner has failed to present an alternate transcript or any other evidence to challenge these conclusions. There is no evidence that an alternate transcript would have benefitted petitioner and changed the result of the trial. Thus,

-10-

this Court concludes that petitioner's claim fails to establish he was prejudiced by counsel's performance. Thus, the Court will deny relief on Ground 2 of the petition.

### 3. Ground 3

In his third ground for habeas relief, petitioner contends that his appellate counsel "failed to raise or brief on direct appeal the claim of an abuse of discretion on the trial court in allowing the admission of evidence of an uncharged crime." The post-conviction motion court denied this claim as follows:

> If the bad act is the prior incident in which movant got in bed with the victim and fondled her, this evidence tended to prove the identity of movant as the person who later assaulted her. If the bad act is placing of his fingers up the nose of his then friend Justin Ayres, this evidence was admissible as a signature of movant's modus operandi. Appellate counsel cannot be faulted on this issue that had no merit.

(Resp. Exh. F, at 52-53).

The factual findings of the motion court are entitled to a presumption of correctness that petitioner must overcome by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). The Court finds that the factual determinations of the motion court are supported by the record. The evidence petitioner submits to challenge these determinations fails to overcome the presumption.

Furthermore, the record in the case establishes that petitioner's counsel did raise the argument. Petitioner has failed to satisfy either prong of Strickland. Thus, the Court will deny petitioner's third ground for relief.

-11-

### C. Grounds 4, 5 and 6

Grounds 4, 5 and 6 challenge aspects of the prosecutor's conduct. These claims were not raised on direct appeal. Petitioner argued in the post-conviction proceedings that appellate counsel was ineffective for failing to present these issues. "Ineffective assistance of appellate counsel may constitute cause and prejudice to overcome a procedural default." Becht v. United States, 403 F.3d 501, 545 (8th Cir. 2005) (citing Boysiewick v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999)). Because petitioner has arguably preserved these claims for habeas review, the Court will review them on the merits.

#### 1. Ground 4

In Ground 4, petitioner argues that he was denied due process because the prosecution "used his post-arrest silence for the purpose of impeachment and as affirmative proof of guilt." He argues that the trial court erred in finding that petitioner opened the door and by refusing to grant a mistrial.

"[T]he use for impeachment purposes of [a defendant's] silence, at the time of arrest and after receiving Miranda warnings, violate[s] the Due Process Clause of the Fourteenth Amendment." Doyle v. Ohio, 426 U.S. 610, 619 (1976). During cross-examination of petitioner, the prosecutor asked him why he did not tell the police his story. (Tr. 425). The post-conviction court found that petitioner opened the door to the State's inquiry when he testified on direct examination that he went to the sheriff's department to straighten out the situation. At the time

the prosecutor asked this question, petitioner had not mentioned his arrest or Miranda warning in his testimony. The State's line of questioning addressed petitioner's pre-Miranda silence and did not violate any of his constitutional rights.

Assuming *arguendo* that a Doyle violation occurred, the Court finds that petitioner was not prejudiced in such a way as to warrant habeas relief. "[G]ranting habeas relief merely because there is a 'reasonable possibility' that trial error contributed to the verdict is . . . at odds with the historic meaning of habeas corpus–to afford relief to those whom society has 'grievously wronged.'" Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). Thus, once a Doyle violation has been found the issue becomes "whether the error 'had substantial and injurious effect of influence in determining the jury's verdict." Id. Under this standard, habeas petitioners are entitled to relief based on trial error only if they can prove that the error resulted in actual prejudice. Id. The Court finds that even if the State committed a Doyle violation, in light of the entire record, the violation did not have a "substantial and injurious effect or influence in determining the jury's verdict." There is enough evidence on the record for the jury to have found petitioner guilty without any reference to his silence at the sheriff's department. Habeas corpus relief will be denied on Ground 4.

### 2. Ground 5

Petitioner asserts that his rights to a fair trial and due process were violated when the prosecution did not correct false

evidence. He contends that the prosecutor used false evidence of prior felony convictions for cocaine possession, illegal possession of a motor vehicle and violation of bail bond to impeach him on cross-examination.

The state appellate court found the following:

> In the case at hand, defendant explicitly denied having three of the four prior convictions. He denied the 1986 conviction for felony possession of a stolen motor vehicle, the 1994 conviction for felony possession of cocaine with intent to distribute, and the 1986 violation of bail bond. He never expressly admitted the certified copy of the 1992 residential burglary conviction represented his conviction for second degree burglary. Under these facts, the trial court properly allowed the admission of the certified copies of the convictions for impeachment purposes. Despite defendant's contention, there is nothing in the record to indicate the state used the prior convictions as substantive evidence to show defendant's propensity to commit the charged crime. The state did not improperly delve into the details of the crimes or make improper argument.

(Resp. Exh. E, at 5). Additionally, the post-conviction court found that "there was nothing in the trial record to support an argument on appeal that there was fabricated evidence." (Resp. Exh. F, at 53). Petitioner fails to present any new evidence to challenge the factual findings of the state appellate or post-conviction courts. Thus, this Court concludes that the state court properly denied relief on the claim. The Court will accordingly deny relief as well.

### 3. Ground 6

In Ground 6, petitioner contends that he was denied a fair trial and due process. He argues that the "prosecution used false evidence to impeach his testimony; by offering a prior misdemeanor conviction for unlawful use of a weapon and misrepresenting it, to

the court and jurors, as a felony conviction." As discussed above, the post-conviction court made the factual finding that there "was nothing in the trial record to support an argument on appeal that there was fabricated evidence." This Court finds no evidence that petitioner was denied due process or a fair trial. Thus, habeas corpus relief will be denied on Ground 6.

### D. Additional Motions

In addition to his objections, petitioner has also filed motions for leave to supplement his § 2254 brief, for an evidentiary hearing on Grounds 1 and 2 of his § 2254 brief, and for leave to file a memorandum in excess of fifteen pages in support of his motion for an evidentiary hearing. He also filed a motion to rebut the presumption of correctness afforded to the factual findings of the state courts.

"Habeas petitions are typically decided on the factual record developed in the state trial court and, therefore, only in the minority of cases are evidentiary hearings held." Weeks v. Bowersox, 119 F.3d 1342, 1354 (8th Cir. 1997). "[W]hen an evidentiary hearing is not prohibited by statute, the district court must hold such a hearing if the petitioner has alleged disputed facts which, if proved, would entitle him to habeas relief." Smith v. Bowersox, 311 F.3d 915, 921 (8th Cir. 2002), (citing Bliss v. Lockhart, 891 F.2d 1335, 1338 (8th Cir. 1990). Additionally:

> [T]he court may deny an evidentiary hearing if such a hearing would not assist in resolving the petitioner's claim. . . . In other words, even if the facts [the petitioner] seeks to prove

-15-

> are true, if those facts would not entitle him to relief (that is, if those facts would not show that the [state court] acted contrary to or unreasonably applied clearly established federal law), then the District Court did not abuse its discretion in denying [the petitioner's] request for an evidentiary hearing.

Newton v. Kemna, 354 F.3d 776, 785 (8th Cir. 2004)(citing Johnston v. Luebbers, 288 F.3d 1048, 1059 (8th Cir. 2002)).

In the instant case, petitioner has not satisfied the standards for an evidentiary hearing. The additional facts he submits to supplement his § 2254 brief are contained in three affidavits, two that are signed by petitioner and one that is signed by his mother. The facts set forth in these affidavits are repetitive of facts previously stated, and do not persuade the Court to alter its conclusions.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the Report and Recommendation [#27] of United States Magistrate Judge Terry I. Adelman is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the petition of Victor Santiago for a writ of habeas corpus [#4] is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to supplement [#29] his § 2254 claim is **denied**.

**IT IS FURTHER ORDERED** that petitioner's motion for an evidentiary hearing [#30] is **denied**.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file a brief in excess of pages [#31] is **denied**.

**IT IS FURTHER ORDERED** that petitioner's motion to rebut the presumption of correctness afforded the state courts' factual findings [#21] is **denied**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2005.